# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOHN KELLEY,

        Petitioner,    :    Case No. 1:16-cv-274

  - vs -                          District Judge Susan J. Dlott
                                       Magistrate Judge Michael R. Merz

WARDEN, Lebanon
  Correctional Institution,

                                    :

        Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for decision on the Petition (ECF No. 1), the State Court Record ("Record," ECF No. 6,) the Return of Writ (ECF No. 7), and Petitioner's Reply (ECF No. 11). To help balance the Magistrate Judge workload in the Western Division, the referral in the case has been transferred from Magistrate Judge Karen L. Litkovitz to the undersigned (ECF No. 12).

With the assistance of counsel, Mr. Kelley pleads the following Grounds for Relief:

> **Ground One:** Other Act evidence was admitted into evidence violating Petitioner's Right to Fair Trial.
>
> **Supporting Facts:** The complaining witness was permitted over objection to recount seven other acts of violence alleged to have been committed by Petitioner including an order for temporary protection she successfully obtained against Petitioner, a conviction for assault and the sentence imposed.
>
> **Ground Two:** The trial court admitted prior statements of a witness which contained irrelevant and prejudicial other act evidence in violation of Petitioner's right to a fair trial.

1

**Supporting Facts:** During the trial Petitioner's trial counsel sought to impeach a witness with a single reference from one statement he had made at a previous time. The trial court required counsel to play the entire recorded statement as a condition to using the impeaching statement. Two prior statements containing references to other acts of violence committed by Petitioner were admitted over objection.

**Ground Three:** The trial court had an ex parte communication with the jury regarding their safety but did not disclose it during the trial which violated Petitioner's right to an impartial [sic] jury and fair trial.

**Supporting Facts:** Wihtout [sic] providing notice to eith [sic] the prosecutor or defense lawyer, the trial judge had a discussion regarding their safety. The rial [sic] judge did not notify anyone during the trial that she had such a conversation, what promted [sic] the action. The trial judge did not make a record of what prompted the action she took.

**Ground Four:** Petitioner's right to effective assistance of appellate counsel was violated.

**Supporting Facts:** Family of Petitioner hired counsel to file a Memorandum in Support of Jurisdiction to the Ohio Supreme Court. He was hired in a timely manner. He failed to file a notice of appeal and the Memorandum in a timely manner. Instead he filed a Notice out of time and a Motion for Delayed Appeal which was factually inaccurate and failed to comply with Ohio Appellate Rule 26(B).

(Petition, ECF No. 1-2.)

**Procedural History**

On January 5, 2013, the Hamilton County grand jury indicted Petitioner Kelley on two counts of attempted murder and four counts of felonious assault, all with firearm specifications. Kelley was convicted on all counts at a jury trial and sentenced to an aggregate term of

imprisonment of twenty-five years.

Kelley appealed to the First District Court of Appeals raising five assignments of error. The conviction was, however, affirmed. *State v. Kelley*, 2014 WL 7215187 (1st Dist. Dec. 19, 2014). No timely appeal was taken to the Ohio Supreme Court, but on March 3, 2015, new counsel filed a motion for delayed appeal on Kelley's behalf, which was denied. *State v. Kelley*, 142 Ohio St. 3d 1446 (table)(2015). On June 19, 2015, Mr. Kelley filed a pro se Application to Reopen the direct appeal under Ohio R. App. P. 26(B)(Record, ECF No. 6, PageID 134). The Application was denied as untimely and Kelley did not appeal to the Ohio Supreme Court.

On October 21, 2015, represented by counsel who represents him in this habeas proceeding, Mr. Kelley filed a second motion for delayed appeal in the Ohio Supreme Court which was also denied. *State v. Kelley*, 144 Ohio St. 3d 1438 (table)(2015). Counsel then filed the instant Petition on Mr. Kelley's behalf on January 29, 2016.

# Analysis

**Ground One: Admission of Other Acts Evidence from the Complaining Witness**

As Judge (now Justice) DeWine put the matter in the First District's opinion on direct appeal, John Andrew ("Drew") Kelley was convicted of shooting his old girlfriend Shaudrell Foshee, and her new boyfriend, Eric Davis. *State v. Kelley*, 2014 WL 7215187, ¶ 1 (Dec. 19, 2014). In his First Ground for Relief, Mr. Kelley claims that admitting Ms. Foshee's testimony

about Kelley's prior acts of domestic violence against her denied him a fair trial. This was his first assignment of error on direct appeal. *Kelley*, *supra*, at ¶ 12. The First District decided admitting this testimony was error, but harmless in light of the overwhelming other evidence of Mr. Kelley's guilt. *Id.* at ¶¶ 14-19, 27-31.

Respondent Warden asserts that Mr. Kelley has procedurally defaulted on his First Ground for Relief because he did not timely appeal to the Ohio Supreme Court (Return, ECF No. 7, PageID 393-94). In his Traverse, Mr. Kelley concedes that the deadline for appealing to the Ohio Supreme Court was February 2, 2015, and that he had not filed a notice of appeal by that date (Traverse, ECF No. 11, PageID 429-30). He seeks to excuse this failure by showing that his mother had retained attorney Clyde Bennett to make the necessary filings. Bennett did not file a timely notice of appeal to the Ohio Supreme Court, but instead filed the Motion for Delayed Appeal referenced above on March 3, 2015, which was denied.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a

federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999)); *see also Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]").

> The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

In this case there is no question that Ohio has a procedural rule requiring that a notice of appeal from an intermediate court of appeals decision to the Ohio Supreme Court must be filed not later than forty-five days after the court of appeals decision. Ohio S. Ct. Prac. R. 6.01(A). Nor is there any question that Mr. Kelley violated that rule by not filing a notice of appeal by February 2, 2015. The Ohio Supreme Court enforced that rule by denying Kelley's motion for leave to file a delayed appeal. The Sixth Circuit has held the forty-five day time limit on appeal to Ohio Supreme Court prescribed by S. Ct. Prac. R. 7.01(A)(1) is an adequate and independent state ground of decision. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), meeting the third *Maupin* requirement.

Mr. Kelley's argument in his Traverse focuses on the last element of the *Maupin* analysis. He asserts that he, or his mother on his behalf, retained Mr. Bennett in early January 2015 to prosecute the appeal to the Ohio Supreme Court. As proof he refers the Court to the Affidavit of

Petitioner's mother, Mary Kelley, who avers that on January 12, 2015, she made a $2,500 downpayment on Mr. Bennett's quoted fee of $5,000 for the appeal and that the fee arrangement was $2,500 down and monthly payments thereafter of $500 (Affidavit, September 8, 2015, Record, ECF No. 6, PageID 178). The payment is corroborated by the attached Affidavit of Petitioner's sister-in-law, a cancelled cashier's check, and a receipt for the $2,500 dated January 12, 2015. *Id.* at PageID 179-82 This evidentiary material is attached to the October 14, 2015, second Motion for Delayed Appeal to the Ohio Supreme Court, filed on Kelley's behalf by his present counsel (Record, ECF No. 6, PageID 159-64), Mr. Bennett's competing explanation for the delay, to wit, that he had not been "retained until several days after the expiration of the 45 day time period" is to be found in the original motion for delayed appeal and is copied at PageID 184.

The Ohio Supreme Court summarily denied the second Motion (Apr 29, 2015, Entry signed by Chief Justice O'Connor, copy at Record, ECF No. 6, PageID 188). The Ohio Supreme Court did not expressly adjudicated the factual dispute between Mr. Bennett and Mr. Kelley, but denied the motion for delayed appeal with a form entry which, in this Court's experience, is consistent with the Ohio Supreme Court's usual practice in deciding such motions. *See*, *e.g.*, *State v. Kelley*, 142 Ohio St. 1446 (table)(2015): the same page of the Ohio State Reports contains eight denials of delayed appeal in the same form.

Mr. Kelley acknowledges that attorney negligence does not constitute cause to excuse a procedural default (Traverse, ECF No. 11, PageID 432, citing *Coleman*, *supra,* at 753-54). At the cited location, Justice O'Connor wrote for the *Coleman* majority:

> Attorney ignorance or inadvertence is not "cause" because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must "bear the risk of attorney error." *Id.,* at 488, 106 S.Ct., at 2645. See *Link v.*

7

*Wabash R. Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 1390–1391, 8 L.Ed.2d 734 (1962) (in "our system of representative litigation ... each party is deemed bound by the acts of his lawyer-agent"); *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 92, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990) (same).

Acknowledging *Coleman*, Mr. Kelley attempts to bring himself within an exception recognized by the Supreme Court in *Maples v. Thomas*, 565 U.S. 266 (2012), for the situation where an attorney-agent abandons his client, resulting in some procedural default. In *Maples*, a death-sentenced Alabama state post-conviction prisoner was represented by two pro bono associates of Sullivan & Cromwell, a very prominent New York law firm.[1] Having filed the petition, the two lawyers left Sullivan & Cromwell, never informed their client, and never moved to withdraw or to substitute new counsel. The Supreme Court found this abandonment without notice was sufficient cause to excuse the default.

Kelley has not shown that Bennett abandoned him within the meaning of *Maples*. The facts of record would support an inference that Bennett acted negligently in not filing before the February 2, 2015, deadline, but he remained involved in the case. Having missed the deadline, he did what was appropriate under Ohio law, moving for leave to file a delayed appeal. While the motion was not successful and did not fully comply with Ohio Supreme Court rules for such motions, its filing does not represent abandonment, but an attempt to recover from an earlier omission and protect Mr. Kelley's opportunity to appeal.

Mr. Kelley procedurally defaulted his First Ground for Relief when his retained attorney failed to timely file a notice of appeal to the Ohio Supreme Court. Ground One should be

---

[1] The Supreme Court only refers to Sullivan & Cromwell as having New York offices. The firm was formed in 1879 and had 2015 revenue of $1.13 billion dollars, according to Wikipedia.

dismissed with prejudice on that basis.

The Warden also claims Ground One is procedurally defaulted because Mr. Kelley failed to present it as a federal constitutional claim on direct appeal (Return, ECF No. 7, PageID 394-96). Kelley responds that the "First District appellate court adjudicated a question of federal law based upon federal law. . ." (Traverse, ECF No. 11, PageID 437-38). In particular, he asserts that he argued on appeal that he had been deprived of his right to a fair trial and to due process of law. *Id.*, citing Record, ECF No. 6, PageID 56.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane*, 516 U.S. 99 (1995); *Riggins v. McMackin*, 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter*, 450 F.3d at 236; *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Upon examination, the First Assignment of Error does not mention due process but does claim admission of the other acts evidence prejudiced Kelley's right to a "fair trial." (Record, ECF No. 6, PageID 57.) It does not cite any federal case law. But, Kelley argues, the First District "relied upon numerous federal cases in determining whether Petitioner had been so prejudiced that a new trial must be ordered." (Traverse, ECF No. 11, PageID 437, citing *State v. Kelley*, 2014 WL 7215187.) To the contrary, there is not a single citation of federal law in Judge DeWine's opinion.

Therefore, Mr. Kelley's First Ground for Relief is also procedurally defaulted by his failure to fairly present this claim to the First District Court of Appeals.

Mr. Kelley also argued the merits of his First Ground for Relief in his Traverse (ECF No. 11, PageID 438-41). Counsel claims the First District's decision is an unreasonable application of Supreme Court precedent, but nowhere in this section of the Traverse does he cite any Supreme Court case law. If this Court were to excuse the two procedural defaults and reach the merits, it would find Kelley has not established his First Ground for Relief. In fact, the United States Supreme Court has never held that admission of other acts evidence violates the United States Constitution. "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991).

For the foregoing three independent reasons, Mr. Kelley's First Ground for Relief should be dismissed with prejudice.

**Ground Two: Other Acts Evidence from the Recorded Statement of the Second Victim**

In his Second Ground for Relief, Mr. Kelley claims he was denied a fair trial when the trial court permitted the jury to consider audiotapes of Eric Davis' statements to the police as well as a written statement. This claim was presented to the First District as the Second Assignment of Error on direct appeal. As with the other bad acts testimony, the First District found that it was error to admit this evidence, but harmless.

The Warden asserts Ground Two is procedurally defaulted on the same basis as Ground One and the Traverse argues them together. For the reasons given with respect to Ground One, this second ground is also procedurally defaulted and would fail on the merits if the Court were to reach the merits. Ground Two should be dismissed with prejudice.

**Ground Three: Trial Judge's Ex Parte Communication with the Jury**

In his Third Ground for Relief, Kelley asserts the trial judge had an ex parte conversation with the jury about their security in the courthouse. The Warden asserts procedural default on one of the same bases as Grounds One and Two, to wit, failure to timely appeal to the Ohio Supreme Court. That defense is well taken on the same basis as applied to Grounds One and Two. The Warden does not assert this claim was not fairly presented as a federal constitutional claim to the state courts.

Although the First District found it was error for the trial judge to engage in this ex parte communication with the jury, it also found any error was harmless because "[n]o substantive

matters were addressed with the jury during the ex parte discussion and there is nothing in the court's statements that plausibly could have impacted the verdict."[2] *State v. Kelley*, *supra*, ¶ 36.

On the merits, Mr. Kelley argues that the First District's decision was an unreasonable application "of the governing legal rule of law from the Supreme Court." (Traverse, ECF No. 11, PageID 445.) In this portion of the Traverse, Mr. Kelley does cite several Supreme Court cases on a criminal defendant's constitutional right to be present at any critical stage of his case (ECF No. 11, PageID 446, citing *Snyder v. Massachusetts*, 291 U.S. 97 (1934); *Kentucky v. Stincer*, 482 U.S. 730 (1987); *Rogers v. United States*, 422 U.S. 35 (1975); and *Rushen v. Spain*, 464 U.S. 114 (1983)). Without making any of these citations, the First District implicitly followed them and the Ohio law embodying a defendant's right to be present at every critical stage.

The critical question is whether the First District's harmlessness decision is entitled to deference. Constitutional error in a habeas case is not required to be harmless beyond a reasonable doubt as is required on direct appeal by *Chapman v. California*, 386 U.S. 18 (1967). Rather, error is harmless if the habeas court is satisfied it did not have a substantial and injurious effect or influence in determining the verdict. *Brecht v. Abrahamson*, 507 U.S. 619 (1993), adopting standard from *Kotteakos v. United States*, 328 U.S. 750 (1946). A federal court may grant habeas relief only if a constitutional violation had a substantial and injurious effect or influence in determining the jury's verdict. *Williams v. Bauman*, 759 F.3d 630, 637 (6th Cir.), *cert. denied*, 135 S. Ct. 876 (2014). This standard calls for reversal when the reviewing court lacks a "fair assurance" that the outcome of a trial was not affected by evidentiary error. *Beck v.*

---

[2] The content of the judge's statement is of record because a court reporter took it down. *Kelley* at ¶¶ 34 & 35.

*Haik*, 377 F.3d 624 (6th Cir. 2004).

> Likewise, as the *Brecht* Court explained, "[t]he standard for determining whether habeas relief must be granted is whether . . . the . . . error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht*, 507 U.S. at 623 (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946) (emphasis added)).

*Wilson v. Mitchell*, 498 F.3d 491 (6th Cir. 2007). A federal habeas petitioner "must satisfy *Brecht*, and if the state court adjudicated his claim on the merits, the *Brecht* test subsumes the limitations imposed by AEDPA." *Davis v. Ayala*, 576 U.S. ___, 135 S. Ct. 2187 (2015), *citing Fry v. Pliler*, 551 U.S. 112, 119-120 (2007). A state court determination that an error is harmless "undoubtedly constitutes adjudication on the merits for purposes of § 2254(d). *Id.* at 2198.

Evaluating the trial judge's comment to the jury in light of the evidence summarized by the First District, the Magistrate Judge concludes the comment did not have a substantial and injurious impact on the verdict. The comment is tangential – about courthouse security in general. Moreover, the trial evidence was overwhelming – the two victims, one of whom knew Drew Kelley well, gave direct testimony about the shootings and bore evidence in their own bodies of the crimes.

The Third Ground for Relief is procedurally defaulted for failure to timely appeal to the Ohio Supreme Court. Alternatively, on the merits, the trial judge's ex parte comments did not have a substantial and injurious impact on the verdict and the First District's decision to that effect is not an objectively unreasonable application of Supreme Court precedent in point on harmlessness. The Third Ground for Relief should therefore be dismissed with prejudice.

**Ground Four:  Ineffective Assistance of Appellate Counsel**

In his Fourth Ground for Relief, Mr. Kelley claims that the manner in which Mr. Bennett represented him before the Ohio Supreme Court constituted ineffective assistance of appellate counsel.

The Warden asserts this claim is also procedurally defaulted because it was raised in the second motion for delayed appeal (Return, ECF No. 7, PageID 401-02).  While the Warden is correct that the unexplained entry from the Supreme Court denying that motion is appropriately deemed a procedural ruling, there is no reason to read that ruling as being that Mr. Kelley's claim about Mr. Bennett's conduct was not properly raised in such a motion.  Respondent cites no Ohio law which would prohibit presenting such a claim in a second motion for delayed appeal.  The Warden's procedural default defense on Ground Four is not well taken.

However, Ground Four does not present a claim cognizable in habeas corpus.  Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida*, 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Ground Four is not cognizable in habeas corpus because there is no federal constitutional right to the effective assistance of counsel on a discretionary appeal such as an appeal to the

Ohio Supreme Court on a felony conviction. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). In *Wainwright v. Torna*, 455 U.S. 586 (1982), the Supreme Court held where there is no constitutional right to counsel there can be no deprivation of effective counsel. *See also Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002). On this basis Kelley's Fourth for Relief should be dismissed with prejudice for failure to state a claim upon which habeas corpus relief can be granted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 5, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).