# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOHN KELLEY,

        Petitioner,    :    Case No. 1:16-cv-274

- vs -    District Judge Susan J. Dlott[1]
    Magistrate Judge Michael R. Merz

WARDEN, Lebanon
  Correctional Institution,

        :

        Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 17) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice (ECF No. 13). Judge Dlott has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 18) and overruled Petitioner's Motion and Amended Motion to Vacate the Recommittal (ECF No. 23). The time within which the Warden could have responded to the Objections under Fed. R. Civ. P. 72 has expired.

The Petition pleads Grounds for Relief:

    **Ground One:** Other Act evidence was admitted into evidence violating Petitioner's Right to Fair Trial.

---

[1] Counsel captions this case as assigned to District Judge Black and Magistrate Judge Litkovitz. The case has been assigned to Judge Dlott since it was filed and referred to Magistrate Judge Merz since June 2, 2017 (See Transfer Order, ECF No. 12).

**Supporting Facts:** The complaining witness was permitted over objection to recount seven other acts of violence alleged to have been committed by Petitioner including an order for temporary protection she successfully obtained against Petitioner, a conviction for assault and the sentence imposed.

**Ground Two:** The trial court admitted prior statements of a witness which contained irrelevant and prejudicial other act evidence in violation of Petitioner's right to a fair trial.

**Supporting Facts:** During the trial Petitioner's trial counsel sought to impeach a witness with a single reference from one statement he had made at a previous time. The trial court required counsel to play the entire recorded statement as a condition to using the impeaching statement. Two prior statements containing references to other acts of violence committed by Petitioner were admitted over objection.

**Ground Three:** The trial court had an ex parte communication with the jury regarding their safety but did not disclose it during the trial which violated Petitioner's right to an impartial [sic] jury and fair trial.

**Supporting Facts:** Wihtout [sic] providing notice to eith [sic] the prosecutor or defense lawyer, the trial judge had a discussion regarding their safety. The rial [sic] judge did not notify anyone during the trial that she had such a conversation, what promted [sic] the action. The trial judge did not make a record of what prompted the action she took.

**Ground Four:** Petitioner's right to effective assistance of appellate counsel was violated.

**Supporting Facts:** Family of Petitioner hired counsel to file a Memorandum in Support of Jurisdiction to the Ohio Supreme Court. He was hired in a timely manner. He failed to file a notice of appeal and the Memorandum in a timely manner. Instead he filed a Notice out of time and a Motion for Delayed Appeal which was factually inaccurate and failed to comply with Ohio Appellate Rule 26(B).

(Petition, ECF No. 1-2.)

# Analysis

**Ground One: Admission of Other Acts Evidence from the Complaining Witness**

Kelley was convicted of shooting his old girlfriend Shaudrell Foshee, and her new boyfriend, Eric Davis. *State v. Kelley*, 2014 WL 7215187, ¶ 1 (1st Dist. Dec. 19, 2014). In his First Ground for Relief, Mr. Kelley claims that admitting Ms. Foshee's testimony about Kelley's prior acts of domestic violence against her denied him a fair trial. On direct appeal the First District held admitting this evidence was error, but harmless in light of the overwhelming other evidence of Kelley's guilt. *Id.* at ¶¶ 14-19, 27-31.

The Magistrate Judge found Ground One was procedurally defaulted because (1) Kelley did not timely appeal from the First District's decision to the Ohio Supreme Court (Report, ECF No. 13, PageID 456-61) and (2) Kelley did not fairly present this claim as a federal constitutional claim to the Ohio Court of Appeals. *Id.* at PageID 461-62. Alternatively, the Magistrate Judge concluded Ground One fails on the merits. *Id.* at PageID 462. These three bases for the Report are discussed separately.

**Excuse by Attorney Misconduct**

In his Traverse Kelley argued his failure to timely appeal to the Ohio Supreme Court was the result of abandonment by the attorney he had retained to prosecute that part of the appeal,

Clyde Bennett. The Report recites the competing narratives of Kelley's mother and Mr. Bennett about the appeal. The Ohio Supreme Court denied leave for delayed appeal without deciding between these two accounts (Report, ECF No. 459). Viewing the facts from Kelley's perspective, the Report concluded Bennett may have acted negligently, but did not abandon Kelley. Although attorney abandonment might be excusing cause (see *Maples v. Thomas*, 565 U.S. 266 (2012)), attorney negligence is not (see *Coleman v. Thompson*, 501 U.S. 722 (1991)). In *Coleman* the Court held a petitioner is bound by his attorney's failure to meet a filing deadline and cannot rely on that failure to establish cause. *Id*. at 753.

In his Objections, Kelley asserts Bennett was not negligent, but perpetrated a fraud on him (ECF No. 17, PageID 473). Kelley complained of Bennett's conduct to the Disciplinary Counsel of the Ohio Supreme Court who filed a Complaint with the Board of Professional Conduct on November 22, 2016, alleging professional misconduct by Bennett arising out of his accepting a fee from Kelley (ECF No. 17-2, PageID 488-95). Having shown those facts, Kelley asks this Court to defer ruling on the Petition until the Board of Professional Conduct decides the case (ECF No. 17, PageID 474). Given that Disciplinary Counsel has filed a complaint, the Magistrate Judge believes that the better course is to accept Kelley's version of the facts and conclude Bennett's deficiencies in performance excuse Kelley's failure to timely appeal. There is no good reason to postpone decision of this case to await formal determination by the Board of Professional Conduct or the Ohio Supreme Court on appeal. The recommendation that Ground One be dismissed as procedurally defaulted for failure to file a timely appeal to the Ohio Supreme Court is WITHDRAWN.

**Fair Presentation of Claim on a Constitutional Basis**

The Report also concluded Ground One was procedurally defaulted because Mr. Kelley failed to present it as a federal constitutional claim on direct appeal (Report, ECF No. 13, PageID 461-62). Kelley objects that he satisfied the fair presentation requirement by "relying on state cases employing federal constitutional analysis" (Objections, ECF No. 17, PageID 474).

The Sixth Circuit, in a case relied on by Kelley, has noted four ways in which a federal constitutional claim can be fairly presented to the state courts:

> A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the *legal* and factual basis for his or her claim. *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir.2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law." *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir.1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million,* 349 F.3d 873, 877 (6th Cir.2003).

*Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Kelley cites three reported Ohio cases as satisfying the second branch of *Williams: State v. Abrams*, 39 Ohio St. 2d 53 (1974); *Bostic v. Connor*, 37 Ohio St. 3d 144 (1988); and *State v. Schiebel*, 55 Ohio St. 3d 71 (1990)(Objections, ECF No. 17, PageID 476-78). However, examining Kelley's Brief on Appeal, one finds that none of these cases was cited in support of the First Assignment of Error about prior bad acts testimony (See State Court Record, ECF No. 6, PageID 57). Instead, they were all cited in

5

support of the Third Assignment of Error on conducting voir dire outside the presence of counsel and Kelley. *Id.* at PageID 58. Furthermore, the excerpts from the three cited cases which are quoted in the Objections do not discuss prior bad acts testimony at all.

Kelley next asserts an alternative to the four *Williams* modes of fair presentation. He argues it is sufficient fair presentation if the appellate court "evaluated claims as constitutional errors," even if they were not presented in that way (Objections, ECF No. 17, PageID 479). And he says that is what the First District did with his other acts claim, citing *State v. Kelley*, 2014-Ohio-5565 at ¶ 16 where the First District in turn relied on *State v. Morris*, 141 Ohio St. 3d 399 (2014), for the proposition that courts must evaluate improper admission of other acts evidence for harmless error.

This argument does not show fair presentation. The First District did not understand Kelley's claim to be that admission of the other acts evidence was unconstitutional and it did not *sua sponte* raise and decide that question. Rather, having found admission of the other acts testimony to have been an error under Ohio evidence law, it was then bound to decide if that error was harmless. The cited Ohio Supreme court case, *Morris*, was applying Ohio law in determining what constitutes harmless error – to wit, any error that does not affect "substantial rights" – language taken directly from Ohio R. Crim. P. 52(a). Exactly the same language appears in Fed. R. Crim. P. 52, as a matter of evidence law, not federal constitutional law. In any event, Kelley cites no authority for the idea that if a state court decides a federal constitutional issue *sua sponte*, that will cure any failure of an appellant to fairly present that issue.

Lastly Kelley argues the First District "evaluated Petitioner's constitutional errors under the 'harmless error' review standard." That is a misstatement of what the First District did. It found a violation of Ohio evidence law in admitting the other acts testimony and then evaluated

6

that error under a harmless error standard. It did not find – and it was not asked to find – that admission of the other acts testimony was a constitutional violation. Ohio appellate courts apply the harmless error review standard to all trial court errors, not just constitutional errors. So it cannot be inferred from the First District's use of the Ohio general harmless error standard that it thought it was reviewing constitutional error.

Kelley concludes this portion of the Objections by asserting that "[i]t is the *Kelley* court's 'harmless error' determination, not a violation of evidentiary rules, [that] Petitioner asserts was contrary to, or involved an unreasonable application of, clearly established federal law. . ." (ECF No. 17, PageID 481). **Constitutional** error in a habeas case is not required to be harmless beyond a reasonable doubt as is required on direct appeal by *Chapman v. California*, 386 U.S. 18 (1967). Rather, **constitutional** error is harmless if the habeas court is satisfied it did not have a substantial and injurious effect or influence in determining the verdict. *Brecht v. Abrahamson*, 507 U.S. 619 (1993), adopting standard from *Kotteakos v. United States*, 328 U.S. 750 (1946). A federal court may grant habeas relief only if a constitutional violation had a substantial and injurious effect or influence in determining the jury's verdict. *Williams v. Bauman*, 759 F.3d 630, 637 (6th Cir.), *cert. denied*, 135 S. Ct. 876 (2014). But the First District never found any constitutional error at all, much less constitutional error that had to be evaluated under the harmless error standard.

In sum, Kelley has not shown he fairly presented his "other acts" claim as a federal constitutional claim and it is procedurally defaulted on that basis.

**Merits of Ground One**

The Report concluded in the alternative that Ground One was without merit because

> [T]he United States Supreme Court has never held that admission of other acts evidence violates the United States Constitution. "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991).

(ECF No. 13, PageID 462.)

In his Objections, Kelley still does not cite any Supreme Court precedent holding that the admission of other acts testimony is unconstitutional. Instead, he claims the Magistrate Judge erred by not conducting a review of the entire state court trial transcript (Objections, ECF No. 17, PageID 482, citing *Townsend v. Sain*, 372 U.S. 293 (1963)).

*Townsend* was part of the trilogy of cases from the Supreme Court's 1962 Term that expanded habeas corpus to its widest scope in the Nation's history. *See also Sanders v. United States*, 373 U.S. 1 (1963), and *Fay v. Noia*, 372 U.S. 391 (1963). However desirable the habeas legal standards from 1963 might be in some abstract sense, they have been largely curtailed by decisions of the Burger, Rehnquist, and Roberts Courts and by the Antiterrorism and Effective Death Penalty Act of 1996. *See, inter alia, Wainwright v. Sykes,* 433 U.S. 72 (1977); *Stone v. Powell,* 428 U.S. 465 (1976); and *Cullen v. Pinholster,* 563 U.S. 170 (2011).

For the proposition that "[t]he very nature of the habeas corpus action demands a careful review of the entire trial transcript, . . ." Petitioner cites *Jeffries v. Morgan*, 522 F.3d 640 (6th Cir. 2008). The holding in *Jeffries* was that when presented with sufficiency of the evidence and

8

*Brady v. Maryland* claims, a district court must permit expansion of the record to include the full trial transcript and then must review it as to those claims. *Jeffries* does not assist Kelley on the merits of Ground One. This Court already has before it the full trial transcript (ECF No. 6, attachments 1 through 5). Kelley seems to be arguing this Court must review the entire transcript to determine whether the First District's harmlessness ruling is contrary to or an objectively unreasonable application of Supreme Court precedent. But this Court is not reviewing the harmlessness finding at all because there was no underlying finding of constitutional error. The question on the merits of Ground One is not whether the First District accurately summarized the transcript in evaluating harmlessness, but whether the Supreme Court has ever held that admission of other acts testimony is unconstitutional, which it has not.

**Ground Two: Other Acts Evidence from the Recorded Statement of the Second Victim**

In Ground Two Kelley complains of the admission of different bad acts testimony, this time appearing in a recorded statement of the second victim. As with the statements at issue in Ground One, the First District found they were improperly admitted but the error was harmless. The Report recommended dismissal on the same basis as Ground One (ECF No. 13, PageID 463). Kelley's only objection on Ground Two is that the Magistrate Judge did not review the entire trial record before filing the Report (Objections, ECF No. 17, PageID 484).

Because Kelley did not fairly present this claim to the First District as a constitutional claim, it is procedurally defaulted on the same basis as recommended for Ground One. The Objections accurately quote the Report as offering an alternative merits analysis: "[Ground

Two] would fail on the merits if the Court were to reach the merits." (Objections, ECF No. 17, PageID 483, quoting Report, ECF No. 13, PageID 463.) Kelley's objection seems to be that a habeas court "commits reversible error" if it does not review the entire state court record on the merits, even if a claim is found to be procedurally defaulted. This argument has the habeas review process upside down.

Under Rule 4 of the Rules Governing § 2254 Cases, the habeas court performs an initial review before even ordering the State to answer. At that stage, the court is free to raise the affirmative defenses of the statute of limitations or procedural default *sua sponte*. *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2005); *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case); *White v. Mitchell*, 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States*, 205 F.3d 882 (6th Cir. 2000)(§ 2255 case). Procedural default may be waived by failing to assert it. *Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007)(en banc), *citing Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006); *Gray v. Netherland*, 518 U.S. 152, 166 (1996). But even if waived by the State, it may be raised *sua sponte* by the federal courts. *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013), *citing Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). Neither the statute of limitations nor procedural default is a jurisdictional bar, but it would be plain error for a district court to ignore either defense in the interest of reviewing the entire state court record on the merits of a habeas petitioner's claims.

**Ground Three: Trial Judge's Ex Parte Communication with the Jury**

In his Third Ground for Relief, Kelley asserts that the trial judge's *ex parte*

communication with the jury about a security issue denied him a fair trial. The Report found that this claim was procedurally defaulted by the failure to timely appeal to the Ohio Supreme Court. That finding is WITHDRAWN on the same basis as with Ground One. The Warden did not claim procedural default of this Ground for lack of fair presentation.

The Report provides an alternative merits analysis on Ground Three (Report, ECF No. 13, PageID 464-65). The First District applied principles from Supreme Court precedent to decide that it was error for the trial judge to have this conversation with the jury *ex parte* but also found the error was harmless. The Report concluded that the critical question on the merits of Ground Three was whether the First District's conclusion on harmlessness was entitled to deference under the AEDPA and found that it was.

Kelley objects that the Magistrate Judge "merely reviewed and adopted the findings of the first district appellate court" instead of reviewing the entire state court record (Objections, ECF No. 17, PageID 481). Kelley is correct. The Report reached the conclusion that AEDPA deference was due "in light of the evidence summarized by the First District . . ." (Report, ECF No. 13, PageID 465).

Kelley objects that in its summary on harmlessness on Ground Three, the First District did not mention (1) the absence of any physical evidence linking Kelley to the shooting (2) questions about the credibility of the state's witnesses. However the First District did discuss the absence of physical evidence connecting Kelley to the crime and the questions of credibility raised in cross-examination of the second victim, Davis, in its finding of harmlessness as to admission of others acts testimony. *State v. Kelley*, *supra*, at ¶ 17.

In reviewing a state court decision under 28 U.S.C. § 2254(d)(1) and (2), the federal courts read those decisions as a whole. There is no obligation on a state court to repeat factual

findings supporting a harmlessness conclusion under each assignment of error.

Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Instead of pointing to any specific portions of the state court record which would purportedly show by clear and convincing evidence that the First District was wrong in its conclusion that the evidence against Kelley was overwhelming, Kelley merely says "read the whole state record." In fact, nowhere in his Objections does Kelley provide a single citation to the trial transcript. Kelley's position is akin to that of a civil litigant who opposes a summary judgment motion by saying "Just read the record, Judge, and you'll see that there are genuine issues of material fact." A trial judge faced with a summary judgment motion is not required to search the record for evidence; rather, it is counsel's obligation to advise the court where relevant matters may be found. *United States v. WRW Corporation*, 986 F.2d 138 (6th Cir. 1993); *Guarino v. Brookfield Township*, 980 F.2d 399 (6th Cir. 1992); *Interroyal Corp. v. Sponseller*, 889 F.2d 108 (6th Cir. 1989), *cert. denied sub nom., Superior Roll Forming v. InterRoyal Corp.*, 494 U.S. 1091 (1990).

Kelley points to nothing in the record which contradicts the key findings on which the First District relied. There is no doubt that Ms. Foshee and Mr. Davis were shot. Although Kelley made identification an issue on cross-examination, there is no dispute that Kelley and Foshee had been romantically involved but were no longer. She identified Kelley as the shooter and there was probably no one more acquainted with his appearance at the time of the shooting. Davis was less well acquainted with Kelley and was impeached with a prior non-violent felony conviction. But the two shootings happened at the same time in the same geographic location. An independent eyewitness put Kelley at the scene and his one telephone records showed he fled

the State after the shooting. Given those undisputed facts,[2] the First District's finding of harmlessness in the trial judge's *ex parte* comments on a tangential matter is entitled to AEDPA deference.

**Ground Four: Ineffective Assistance of Appellate Counsel**

In his Fourth Ground for Relief, Kelley asserted Clyde Bennett provided ineffective assistance of appellate counsel on the appeal to the Ohio Supreme Court. The Report found this claim was not cognizable in habeas corpus because there is no constitutional right to effective assistance of counsel on a discretionary appeal to the Ohio Supreme Court (Report, ECF No. 13, PageID 466-67). Kelley mentions Ground Four only in his general complaint that the Magistrate Judge did not read the entire record (Objections, ECF No. 17, PageID 483-84). But the lack of any constitutional entitlement to effective assistance on discretionary appellate review does not turn on anything in the record.

**Conclusion**

Having reviewed the Report in light of the Objections, the Magistrate Judge concludes Kelley should not be held to have procedurally defaulted any claim on the basis of Mr. Bennett's failure to file and the recommendations in the Report to the contrary have been withdrawn. However, even with that withdrawal, Kelley is not entitled to habeas corpus relief and it is again respectfully recommended that his Petition be dismissed with prejudice. After *de novo* review of both this and the original Report, the District Court should enter judgment to that effect.

---

[2] Or if they are disputed, Kelley has provided no record references to contradictory evidence.

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 8, 2017.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).